**SO ORDERED.**

**SIGNED this 01 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**RONALD KIMBALL WATERS,**

       **Debtor.**                                     Case No. 05-08923-8-JRL
                                                           Chapter 13

_____

**ORDER**

       This matter is before the court on the former Chapter 7 trustee's motion to reconvert. On July 19, 2006, the court conducted a hearing in Wilmington, North Carolina.

**Background**

       On March 28, 2005, the debtor was hit by a vehicle while crossing a road in Wilmington, North Carolina. The accident resulted in physical injuries that prevented him from working for approximately nine months. During that time, the debtor incurred substantial medical expenses and contacted an attorney to inquire about any claims he may assert against the driver of the vehicle. The attorney, Lisa Lanier of The Lanier Law Group, P.A. ("Lanier Group"), informed the debtor that her firm would investigate the accident. Over the next few months, the debtor talked to Ms. Lanier's assistants and other attorneys at

the firm. On August 16, 2005, a complaint was filed on the debtor's behalf against the driver of the vehicle in Superior Court of New Hanover County, seeking compensatory damages exceeding $10,000.

On October 12, 2005, the debtor filed a Chapter 7 petition but failed to disclose his pending civil action. The debtor's Statement of Financial Affairs includes a lawsuit filed by RBC Centura Bank against the debtor but no other claim or action is listed. On November 9, 2005, the debtor attended his meeting of creditors and responded to a questionnaire provided to him by the Chapter 7 trustee. When asked if he was involved in any lawsuits, the debtor replied no. On November 28, 2005, the trustee was contacted by a representative from Atlantic Orthopedic, who requested information about the debtor's pending civil action. The trustee was not aware of any civil action and after learning the name of the debtor's attorney, he contacted Lanier Group.

In April of 2006, an attorney from Lanier Group returned the trustee's phone call and informed him of the debtor's pending lawsuit. On April 27, 2006, the trustee filed a motion for a Rule 2004 examination of the debtor and sent a letter to the debtor's attorney requesting more information about the lawsuit. On May 1, 2006, the debtor filed a motion to convert the case to Chapter 13. On May 2, 2006, the court granted the debtor's motion to convert and the trustee's motion for a Rule 2004 examination. The trustee subsequently filed a Trustee's Report Upon Conversion detailing his findings in the debtor's case. On June 15, 2006, the debtor filed a Chapter 13 plan[1] and attended his meeting of creditors, where he told the Chapter 13 trustee that his petition and schedules continued to be accurate.

On June 15, 2006, the former Chapter 7 trustee filed a motion to reconvert the case. The former

---

[1] The debtor's proposed plan contains no mention of his pending civil action and does not provide for distribution of any funds that may be awarded to him in the action.

2

trustee asserts that the debtor converted his case to Chapter 13 in an attempt to avoid the consequences of his failure to disclose his pending lawsuit. The trustee contends that the timing of the debtor's motion to convert is evidence of his bad faith as the motion was only filed after the trustee learned of the debtor's lawsuit from a third party. Further, the trustee believes the debtor is not eligible to be a Chapter 13 debtor under 11 U.S.C. § 109(e), his proposed Chapter 13 plan is not feasible, his proposed plan does not meet the liquidation test, and his proposed plan does not meet the disposable income test.

The debtor argues that he was unaware of the lawsuit in question. He admits consulting an attorney at Lanier Group but he was told that his claims against the driver of the vehicle involved in the accident were weak. The debtor admits that he likely received a copy of the complaint in the mail but did not understand its significance. When he consulted his attorney about filing a bankruptcy petition, the debtor claims he did not mention his injuries, his pending civil action, or any potential claims he had arising from the accident. When the former Chapter 7 trustee contacted him in April of 2006, the debtor alleges this was the first time he learned of the lawsuit and he subsequently filed a motion to convert in good faith. As the debtor is currently employed, he asserts that he is eligible for Chapter 13[2] and his proposed plan is confirmable.[3]

---

[2] The debtor testified at the hearing that he is currently employed and receives regular income. The court accepts his testimony as evidence that he is eligible to be a debtor in Chapter 13 pursuant to § 109(e).

[3] At the hearing, the Chapter 13 trustee withdrew his motion for confirmation of debtor's proposed plan.

## Analysis

The Fourth Circuit has held that a debtor has a "one-time absolute right" to convert a case under 11 U.S.C. § 706(a). In re Finney, 992 F.2d 43, 45 (4th Cir. 1993). The case "may always be reconverted to Chapter 7" based on the "debtor's bad faith." Pequeno v. Schmidt, 307 B.R. 568, 580 (S.D. Tex. 2004). Section 1307(c) provides that "on request of a party in interest or the United States trustee and after notice and hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1307(c) (2005). The term, "cause" includes factors listed in § 1307(c), as well as filing a bankruptcy petition in "bad faith." Gonzales-Ruiz v. Doral Fin. Corp. (In re Gonzales-Ruiz), 341 B.R. 371, 382 (B.A.P. 1st Cir. 2006).

The determination of whether a petition was filed in bad faith requires an examination of the "totality of the circumstances," specifically "(1) whether the debtor stated debts and expenses accurately, (2) whether he has made any fraudulent representation to mislead the bankruptcy court, or (3) whether he has unfairly manipulated the bankruptcy code." Molitor v. Eidson (In re Molitor), 76 F.3d 218, 220-21 (8th Cir. 1996); In re Mugno, Case No. 05-09231-8-JRL (Bankr. E.D.N.C. May 17, 2006).

The debtor in this case failed to disclose on his petition that he was the plaintiff in a civil action and represented to the trustee that he had no potential claims or pending lawsuits. Although the debtor claims his omission was not fraudulent, he admits that he probably received copies of the pleadings in the mail. The debtor testified that the lawsuit was not on his mind at the time he filed his bankruptcy petition; however, his bankruptcy filing was precipitated by a loss of income over a nine month period as a result of his injuries in the accident and his petition includes most, if not all, of his medical debts incurred as a

result of the accident. Any potential recovery for his pain and suffering would have been foremost in his mind.

Once the lawsuit was discovered by the trustee through a fortuitous phone call, the debtor filed a motion to convert. His proposed Chapter 13 plan does not mention his state court action and the debtor did not amend his schedules to account for his new employment.[4] The Chapter 13 trustee was on notice of the debtor's lawsuit after the former Chapter 7 trustee filed his report but the debtor still had an obligation to be truthful when asked if his original petition continued to be accurate.

The debtor made a serious omission on his bankruptcy petition and while he contends it was not fraudulent, the court finds that it was so recklessly negligent as to warrant a finding of bad faith. The debtor's omission coupled with the problematic timing of his motion to convert and his failure to amend his petition or proposed plan to include his pending civil action is sufficient to constitute "cause" under § 1307(c).

## **Conclusion**

Based on a preponderance of the evidence, the court finds that cause exists to reconvert the debtor's case to Chapter 7. Although the court may be able to craft a confirmable Chapter 13 plan for the debtor, any distribution to creditors would be substantially decreased by the large administrative fees incurred by the former Chapter 7 trustee. Discharge is also an issue as the debtor failed to fully disclose his financial affairs. The court notes that Chapter 13 is not a refuge for debtors when there are adverse consequences in Chapter 7. Cases must be converted to Chapter 13 in good faith and with the intention

---

[4] At the hearing, the debtor referred to his amended Schedules I and J but the documents have not been filed with the court. The trustee's motion for confirmation lists the debtor as unemployed.

of repaying creditors. Any future attempts by debtors to manipulate the bankruptcy process through conversion will be met with similar scrutiny. Accordingly, the former trustee's motion is granted.

"End of Document"